Debbie L. FULTON, Petitioner-Respondent,

v.

James O. LUKKEN, Appellant.

Court of Appeals

*No. 90–0526. Submitted on briefs February 5, 1991.—Decided June 6, 1991.*

(Also reported in 473 N.W.2d 511.)

For the appellant the cause was submitted on the briefs of *Alan G. Habermehl* of *Kalal & Habermehl* of Madison.

For the petitioner-respondent no brief was submitted.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. James O. Lukken appeals from a harassment injunction entered December 12, 1989, under sec. 813.125(4), Stats. On the basis of Fulton's petition, the court found reasonable grounds to believe that Lukken had violated sec. 947.013, Stats.,[1] and issued a temporary restraining order November 6, 1989. The hearing for an injunction was scheduled for November 13, 1989, and was extended to November 20, 1989, because Lukken had not been served. The hearing was again extended to December 12, 1989. Lukken moved the court to dismiss the action because the hearing was not held within the time required by sec. 813.125(3)(c), and the trial court had lost competency to enter the order. We agree and reverse the order granting the injunction.

Section 813.125(3)(a), Stats., empowers a judge to issue a temporary restraining order ordering the respondent to cease or avoid the harassment of another person, if the conditions of the statute are satisfied. Lukken does not claim that the temporary restraining order was not properly entered.

Section 813.125(3)(c), Stats., provides:

> The temporary restraining order is in effect until a hearing is held on issuance of an injunction under sub. (4). A judge shall hold a hearing on issuance of an injunction within 7 days after the temporary restraining order is issued, unless the time is extended upon the written consent of the parties or

---

[1] Section 947.013(1), Stats., provides:

Whoever, with intent to harass or intimidate another person, does any of the following is subject to a Class B forfeiture:

(a) Strikes, shoves, kicks or otherwise subjects the person to physical contact or attempts or threatens to do the same.

(b) Engages in a course of conduct or repeatedly commits acts which harass or intimidate the person and which serve no legitimate purpose.

extended once for 7 days upon a finding that the respondent has not been served with a copy of the temporary restraining order although the petitioner has exercised due diligence.

■ This statute is clear and unambiguous. It requires the judge to hold a hearing on issuance of an injunction under 813.125(4), Stats., within seven days after the temporary restraining order is issued. The statute plainly permits one extension for an additional seven days upon a finding that the respondent has not been served with a copy of the temporary restraining order. The statute does not permit further extensions without the parties' written consent. The trial court lacked competency to make the second extension of the temporary restraining order. Accordingly, we reverse the order granting the injunction.

*By the Court.*—Order reversed.